UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD MERCER, )<br>)<br>Petitioner, )<br>) CAUSE NO. 3:16-CV-563-MGG<br>v. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | |

OPINION AND ORDER

This case is before the court by consent of the parties. ECF 6. Edward Mercer, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-07-317) where a Disciplinary Hearing Officer (DHO) found him guilty of assault in violation of Indiana Department of Correction (IDOC) policy B-212. ECF 1 at 1. As a result, Mercer was sanctioned with the loss of 90 days earned credit time. *Id.*

Mercer's petition identifies seven grounds. In Grounds One, Two, Three, and Seven, Mercer argues that the DHO did not have sufficient evidence to find him guilty. ECF 1 at 2-3. In Grounds Four and Five, Mercer argues that he was improperly denied access to evidence that he requested. *Id.* In Ground Six, Mercer argues that the DHO was biased. ECF 1 at 3.

Respondent contends that Mercer is procedurally defaulted on Grounds Four, Five, and Six because he failed to raise these issues during his administrative appeals. ECF 11 at 5. In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*,

1

> 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). In his administrative appeals, Mercer only raised the issue of the sufficiency of the evidence and the sufficiency of the Conduct Report. ECF 1 at 15-18. Mercer admits that he did not raise Grounds Four, Five, or Six during his administrative appeals. ECF 1 at 2-3. Nevertheless, procedural default can be excused and the court can consider a claim that was not properly raised if a petitioner can demonstrate cause and prejudice. *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). Here, Mercer states that he was unaware of his claims because he has limited access to the law library. ECF 1 at 2-3. However, "it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Thus, Mercer's ignorance does not excuse his procedural default as to Grounds Four, Five, and Six, and he may not proceed with these claims.

Mercer's surviving claim (asserted in Grounds One, Two, Three, and Seven) is that the DHO had insufficient evidence to find him guilty. In the disciplinary context, "the relevant

2

question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC B-212 by "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." IDOC Adult Disciplinary Process. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charges Mercer as follows,

> At approximately 8:05p.m. on Wednesday July 22, 2015, I Officer A. Johnson, was working the ½ side of CHU. At that approximate time, I was standing at the podium when I noticed C-223 Mercer, Edward #112179 next to the exercise area punching another offender in the face and torso area. They then wrestled each other to the ground. I immediately called a 10-10 on the radio. I walked towards the two fighting offenders and when I got closer to the incident the other offender got away from C-223 Mercer, Edward #112179 and they were split up when I arrived. I immediately gained control of Offender Mercer, Edward #112179 and placed him in mechanical wrist restraints. At that time, first responding staff arrived and escorted Offender Mercer, Edward #112179 from C-223 to restrictive

>housing.

ECF 11-1 at 1.

The DHO had sufficient evidence to find Mercer guilty. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The reporting officer witnessed Mercer punching another inmate in the face and torso. This evidence satisfies the "some evidence" requirement. Mercer argues that there was insufficient evidence because the Conduct Report does not identify the name of the inmate he assaulted. ECF 1 at 3. However, the DHO did not need to know the identity of the person Mercer assaulted in order to find him guilty of assault. The DHO relied on the reporting officer's eyewitness evidence that Mercer punched another inmate. This was enough to find him guilty.

Mercer also challenges his disciplinary conviction based on his allegation that IDOC failed to comply with its internal policies. According to Mercer, IDOC policy requires the reporting officer to identify all known witnesses, but the Conduct Report does not identify any of the numerous inmates present in the day room at the time of the incident. ECF 1 at 2. He also argues that IDOC policy requires a preponderance of the evidence to find an inmate guilty, and the evidence in his case did not meet this standard. However, the IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

Moreover, neither of these allegations implicates Mercer's due process rights. Due

4

process entitles Mercer to notice of the factual basis of the charges; there is no requirement that he receive notice of the identity of all potential witnesses. *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974) (identifying all federal rights prisoners are entitled to during prison disciplinary proceedings). And, while IDOC may have voluntarily implemented a higher standard of proof, the constitution only requires "some evidence" of guilt, *see id.*, and this standard was met in this case. Mercer has failed to identify any available basis for habeas corpus relief. Thus, his petition is denied.

For the reasons set forth above, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case.

SO ORDERED.
ENTERED: July 20th, 2017.                    S/Michael G. Gotsch, Sr.
                                             Michael G. Gotsch, Sr.
                                             United States Magistrate Judge